UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH TERRELL BUTLER,

                                         Plaintiff,

                                                          9:08-CV-0299
v.                                                        (LEK/GHL)

J. HYDE, T. DISHAW, T. HOWARD,
R. GILL, K. COMPO, J. BARSE,
                                         Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

KEITH TERRELL BUTLER, 05-A-1392
Plaintiff *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ANDREW M. CUOMO                         DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Keith Terrell Butler alleges that Defendants violated his Eighth Amendment rights by

subjecting him to excessive force. Currently pending before the Court is Plaintiff's motion for

summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No. 30.)  For the

reasons that follow, I recommend that Plaintiff's motion be denied.

## I.   FACTUAL AND PROCEDURAL SUMMARY

Plaintiff alleges that on July 29, 2007, he was assaulted by Defendant Correction Officers J. Hyde, K. Compo, J. Barse, J. Dishaw, T. Howard, and Sgt. Gill.  Plaintiff alleges that as he was entering his cell, Defendants Hyde, Compo, and Barse threw him on the floor and Defendant Hyde began bending his right fingers and punching him in the back.  Defendant Barse twisted Plaintiff's left ankle, almost breaking it.  Defendant Dishaw twisted Plaintiff's left arm and punched him in the back of the head.  Defendant Howard twisted Plaintiff's right ankle and punched Plaintiff in the back several times.  Defendant Compo bent Plaintiff's right wrist and punched him several times in the right ribs.  Defendant Gill bent the toes on Plaintiff's right foot and broke the skin, drawing blood.  (Dkt. No. 1.)

Plaintiff's complaint  requests money damages, an order to "give back 24 months of SHU time," a preliminary injunction, and release from the SHU.  (Dkt. No. 1 ¶ 9.)  Plaintiff now moves for summary judgment.  (Dkt. No. 30.)  Defendants have opposed the motion.  (Dkt. No. 40.)  Plaintiff has filed a reply.  (Dkt. No. 44.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Legal Standard Governing Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the initial burden of showing, through the production of admissible

2

evidence, that no genuine issue of material fact exists. *Major League Baseball Properties, Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008). Federal Rule of Civil Procedure 56 and Local Rule 7.1(a)(3) provide the procedural guidelines for meeting this initial burden.

Local Rule 7.1(a)(3) requires parties moving for summary judgment to file and serve a Statement of Material Facts. This statement "shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." Facts that are not in the Statement of Material Facts need not be considered. *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000). The rule thus puts the onus on the parties to marshal the evidence that supports the motion. *Id*. A district court has no duty, on a motion for summary judgment, to perform an independent review of the record to find proof of either a factual dispute or the lack of a factual dispute. *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir.2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); *accord, Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 371-72 (N.D.N.Y.2003) (Hurd, J.). "Our District's requirements are not empty formalities. Rules such as L.R. 7.1(a)3 'serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way-thus facilitating its judgment of the necessity for trial.'" *Jackson v. Broome County Correctional Facility,* 194 F.R.D. 436, 437 (N.D.N.Y.2000) (*citing Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)).

Local Rule 7.1(a)(3) clearly states that the "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion."

3

(Emphasis in original.)

Here, Plaintiff has not filed an accurate and complete Statement of Material Facts.  He has filed a "Statement of Material Facts That Are In Dispute," which lists 13 facts.  Only one of these facts - that Plaintiff sustained torn ligaments in his right ankle - is supported by a citation to evidence.  (Dkt. No. 30 at 4-5[1].)  Plaintiff has also filed a "Statement of Material Facts That Are Not in Dispute," which lists five facts that are not supported by any citation to evidence.  (Dkt. No. 30 at 6.)

Defendants argue that Plaintiff's motion should be denied based on his failure to file a proper Statement of Material Facts.  (Dkt. No. 40-4 at 1-2.)  However, given the special solicitude that I am required to give to *pro se* civil rights litigants, I decline to recommend denying Plaintiff's motion on this ground.

### III.    ANALYSIS

Plaintiff moves for summary judgment, arguing that his Eighth Amendment rights were violated as a matter of law.  (Dkt. No. 30.)

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments.  The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Punishment is "cruel and unusual" if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Estelle*, 429 U.S. at 102.

---

[1]      Page numbers refer to the page numbers assigned by the Court's electronic filing system.

When prison officials are "accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

> In determining whether the use of force was wanton and unnecessary, it [is] proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response.

*Hudson*, 503 U.S. at 7 (punctuation omitted).  In other words, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  Because much of an excessive force inquiry rests on whether officers' behavior was reasonable, the issue is generally reserved for a jury "whose unique task it [is] to determine the amount of force used, the injuries suffered and the objective reasonableness of the officer's conduct." *Breen v. Garrison*, 169 F.3d 152, 153 (2d Cir. 1999).

Here, Defendant Compo declares that on July 29, 2007, he was outside Plaintiff's cell. Plaintiff was on his bed and unresponsive.  (Dkt. No. 40-2 ¶ 3.)  Defendant Compo notified his supervisor, Defendant Gill.  Defendant Gill and a nurse came to the door of Plaintiff's cell.  They could not get any response from Plaintiff.  Defendant Gill then ordered Defendants Compo and Hyde "to enter the cell so that [Plaintiff] could be examined to protect his health and safety.  As we entered the cell, [Plaintiff] came out of his bed in an aggressive manner and tried to strike me. [Defendants] Dishaw, Barse and Howard then entered the cell to assist myself and [Defendant] Hyde in restraining and maintaining control of [Plaintiff]."  (Dkt. No. 40-2 ¶ 4.)

Defendant Compo declares that the "degree of force used in restraining [Plaintiff] was

5

necessary and reasonably required for self defense ... to prevent injury to myself, the other officers and [Plaintiff]."  (Dkt. No. 40-2 ¶ 5.)  Defendant Compo "reasonably believed that the degree of force was reasonably necessary ... The force was applied in a good faith effort to maintain and restore discipline, to prevent injury and in self defense.  At no time did any of the officers ... use excessive force."  (Dkt. No. 40-2 ¶ 6.)

As Plaintiff admits, Defendant Compo's testimony raises a triable issue of fact regarding whether Defendants violated Plaintiff's Eighth Amendment rights.  (Dkt. No. 44 at 3)("The affidavits of the Plaintiff and the Defendants are squarely contradictory as to what force was used, when it was used, and why it was used ... the factual dispute is ... material ... For the foregoing reasons the defendants' motion for summary judgment should be denied[2]."). Therefore, I recommend that the Court deny Plaintiff's motion for summary judgment.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's motion for summary judgment (Dkt. No. 30) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

---

[2]     Defendants have not moved for summary judgment.

6

Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 19, 2009
      Syracuse, New York

George H. Lowe
United States Magistrate Judge